J-S21034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ELVIS PUTMAN, | : | |
| | : | |
| Appellant | : | No. 1380 WDA 2016 |

Appeal from the Judgment of Sentence August 31, 2016
in the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000102-2015

BEFORE: LAZARUS, DUBOW, and STRASSBURGER*, JJ

MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 16, 2017**

Todd Elvis[1] Putman (Appellant) appeals from the judgment of sentence imposed following his guilty plea to theft by deception and authoring bad checks. Specifically, Appellant challenges the trial court's order denying his motion filed pursuant to the speedy trial rule, Pa.R.Crim.P 600. We are constrained to affirm.

On April 24, 2015, a citation was issued charging Appellant with the aforementioned offenses and two additional counts of forgery. At the time, Appellant was incarcerated in a state correctional facility. He was timely

---

[1] Given that his demand to this Court is "Turn Me Loose," perhaps a more appropriate middle name for Appellant would have been that of a different 50's singer, Fabian.

---

* Retired Senior Judge assigned to the Superior Court.

arraigned and waived his preliminary hearing.[2]  On October 5, 2015, Appellant completed two forms, a plea agreement and a guilty plea statement, which outlined the following agreement between the parties:  in exchange for Appellant's plea to theft by deception and authoring bad checks, the Commonwealth would *nolle pros* the remaining counts of forgery.  There was no agreement as to Appellant's sentence.  The agreement was signed by Appellant, his counsel, and the district attorney assigned to the case; the statement was signed by Appellant and his counsel. However, this agreement was never presented to the court, nor placed on the record.

The record shows no docket activity related to this case until May 2, 2016, when the court issued the following order: "Order [Department of Corrections] DOC is hereby ordered to detain Deft until [the instant case] has been resolved." Order 5/2/2016.  On May 4, 2016, Appellant was released from state prison.  That same day, the trial court issued a second order dismissing the detainer and instructing Appellant to contact the Potter County Public Defender upon his release from state prison.  On May 9, 2016, Appellant's public defender requested to withdraw from the case due to a

---

[2] Even though Appellant remained incarcerated past his Rule 600 run date, there was no violation of Pa.R.Crim.P. 600(B) in this case.  Appellant's bond was initially set at $2500; however, on June 22, 2015, his bond in this matter was modified to unsecured so he could continue serving his state sentence with an anticipated release date in June of 2016.  Thus, Appellant was not incarcerated on this case past the 180 days proscribed in the Rule.

conflict. Motion to Withdraw, 5/9/2016. This request was granted and, on May 10, 2016, new counsel was appointed.

On May 31, 2016, an order was entered placing Appellant's case on the call of the list for June 17, 2016. Appellant filed a motion to dismiss pursuant to Rule 600 on June 7, 2016, and a hearing was held on July 1, 2016.[3] At the hearing, the Commonwealth presented as evidence a copy of Appellant's guilty plea agreement which contained a notation that, on October 4, 2015, the district attorney's office sent a copy of Appellant's paperwork to the court administrator along with a request to set a date for Appellant's plea via video-conference as he was still incarcerated at the time. N.T., 7/1/2016, at 7-8.

The Commonwealth also presented a series of emails between a secretary from the district attorney's office, Emily Robinson, and a court administrator, Jenny Saulter. The emails indicate that on October 5, 2015 Robinson initially requested a plea date for Appellant. The read receipt shows that this email was read by Saulter on October 6, 2016. Commonwealth's Exhibit 3. Robinson followed up with Saulter on January 27, 2016. Commonwealth's Exhibit 4. After determining that Appellant had not yet pled guilty, Robinson asked if Saulter could "please set him up for a

_____

[3] Appellant did not attend the Rule 600 hearing in person because he was in a medical rehabilitation facility. According to his counsel, he was bedridden as a result of two broken legs and a broken back. N.T., 7/1/2016, at 1. Appellant was permitted to attend the hearing by phone. *Id.* at 3.

plea date via video." *Id.* On March 30, 2016, Robinson sent an email to Mary Durst at the Potter County Public Defender's Office asking whether Appellant had been sentenced. Commonwealth's Brief at 5. Durst responded, acknowledging receipt of the email, and promised to respond the next day. *Id.* There is no record of any further communication between Robinson and Durst.

On April 8, 2016, Robinson emailed Saulter to ask whether she had "had any luck" scheduling Appellant for a plea date. Commonwealth's Exhibit 6. In her April 8 email, Robinson informed Saulter that she "believed" Appellant was still in state custody. *Id.* Saulter replied that she "totally forgot" about Appellant's case and would work on it that afternoon. *Id.* On April 12, 2016, a notice was filed with the Potter County Clerk of Courts scheduling Appellant's plea and sentencing via video-conference for May 4, 2016. Commonwealth's Exhibit 7. This document does not appear on the docket.

Following the hearing, the trial court denied Appellant's motion finding that the delay in bringing Appellant to trial was attributable to "a failure to promptly schedule through the Office of the Court Administrator, and through no fault of either [Appellant] or the Commonwealth." Order, 7/6/2015. The parties were ordered to determine a resolution for the case within 5 days. On July 7, 2016, Appellant entered a plea to one count of theft by deception and one count of bad checks. On August 31, 2016, he

was sentenced to an aggregate term of seven to 14 months' incarceration. This timely appeal followed.[4] Appellant was ordered to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b) and one was filed. In response, the trial court filed an opinion in support of order stating that its reasoning was contained in the July 1, 2016, Rule 600 hearing transcript and accompanying order denying Appellant's motion.

On appeal, Appellant challenges the trial court's Rule 600 determination. We address this claim mindful of the following.

We review challenges to Rule 600 rulings pursuant to the following standard and scope of review:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review ... is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*).

_____

[4] Sentence was stayed pending appeal.

The case at issue here was initiated on April 29, 2015; thus, Rule 600 required that trial commence within 365 days, or before April 28, 2016. Appellant's plea ultimately occurred on July 7, 2016. The Rule provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600 (C)(1). The Comment to the Rule explains that

> [f]or purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth **when the Commonwealth has exercised due diligence** must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control **and despite its due diligence**, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

Pa.R.Crim.P. 600 *Comment* (emphasis added; citations omitted)

Instantly, the trial court and the parties agree that Appellant was not brought to trial within 365 days, and that there was no delay attributable to Appellant. N.T., 7/1/2016, at 18-19. However, the court found credible the

Commonwealth's evidence that the delay was due to oversights by the court administrator in failing to schedule promptly Appellant's plea. *Id.* at 20 ("What I've said here today, sir, is that there is no doubt that you were not brought to trial as contemplated by [Rule 600], that did not happen. That was not your fault[;] however, it also wasn't the fault of the Office of the District Attorney. Somewhere in the court system in the Office of the Court Administrator apparently the matter simply did not get scheduled. I can't hold you responsible for that anymore than I can hold the District Attorney's Office responsible for that."). In so doing, the court did not make a finding regarding the Commonwealth's exercise of due diligence.

"The Commonwealth … has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Bradford,* 46 A.3d 693, 701–02 (Pa. 2012) (citations and quotation marks omitted).

Here, the Commonwealth offered seven exhibits at the Rule 600 hearing as evidence that it met its burden under the Rule. While the court was correct in its determination that the court administrator bears some responsibility for the delays in this matter, the records provided by the Commonwealth do not demonstrate that it acted with due diligence

throughout the course of this case. Nonetheless, we conclude that Rule 600 has not been violated.

The 159 days from the initiation of this case on April 29, 2015 until the submission of Appellant's guilty plea paperwork on October 5, 2015 was properly included in the 365-day calculation. However, the following 113 days, from October 6, 2015 through January 27, 2016, during which time the district attorney's office attempted to schedule promptly a plea date for Appellant, evidences a delay caused by circumstances outside of the Commonwealth's control **and** despite its exercise of due diligence. Thus, we must exclude from the Rule 600 calculation those 113 days. *See* Pa.R.Crim.P. 600(c)(1) ("[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.")

The remaining time, from January 28, 2016 through the April 28, 2016 run date, and the 70 day period from the run date until Appellant entered his guilty plea and was sentenced on July 7, 2016, evidences complete lack of concern on the part of the District Attorney about compliance with Rule 600. Not once in any of her four emails did Robinson even mention the impending April 28, 2016 Rule 600 run date. We are cognizant that Potter County operates in trial terms, N.T., 7/1/2016, at 9-10, which makes scheduling a

- 8 -

challenge. But this is all the more reason for the Commonwealth to stay abreast of, and make administration aware of, approaching Rule 600 dates. Yet, the Commonwealth never petitioned the Court to schedule Appellant's plea in light of the court administrator's inaction and, most disturbingly, **did not petition to move the May 4, 2016 video conference plea date despite knowing the date fell past Appellant's April 28, 2016 Rule 600 run date**. In fact, the first time the Court was made aware of the potential Rule 600 violation was when Appellant filed his motion on June 7, 2016 and **even then** it took a month for the case to resolve. This certainly does not fall within the "reasonable effort" contemplated by the Rule.

However, exclusion of the 113 day period from October 2015 to January of 2016 places Appellant's adjusted Rule 600 run date at August 19, 2016. Thus, we are constrained to find that no violation of the Rule occurred where Appellant's July 7, 2016 plea was entered within the adjusted time period. Accordingly, although we cannot condone what occurred here, we find no error in the court's denial of Appellant's Rule 600 motion.

At the Rule 600 hearing, the district attorney explained that Appellant's case was "currently on the **backup list**" for July 7, 2016. N.T., 7/1/2016, at 10 (emphasis added). According to the district attorney, there were "only two criminal trial days available for **jury trial ...** August 4[th] and August 17[th]" and the cases listed for those days had "**priority time wise even over** [Appellant's]." *Id.* (emphasis added). It bears noting that

- 9 -

Appellant ultimately entered a guilty plea in this matter. That plea was identical to that which was negotiated in October of 2015. Thus, the agreement had already been negotiated, and the paperwork completed, months prior to the actual plea date. We cannot conceive of an easier case to resolve. The fact that it took so long to allow Appellant to enter a previously negotiated plea is unbelievable. The fact that other cases took precedence "time wise" over one that was already, at the time of the hearing, 64 days past the original Rule 600 date in potential violation of the Rule, is concerning to this Court. We remind the court, Potter County Court Administration and, most importantly, the Office of the District Attorney that "the rule is intended to protect the right of criminal defendants to a speedy trial, protect society's right to effective prosecution of criminal cases, and help eliminate the backlog in criminal cases in the courts of Pennsylvania." Pa.R.Crim.P. 600 Comment. While perfect vigilance is not required, a recognition of the importance of this Rule and its counterbalanced interests is essential to the effectuation of justice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017